HARDMAN v. NEW FINANCE CO., Inc.

Court of Appeals of Kentucky.
June 19, 1953.

Jesse K. Lewis, Lexington, for appellant.

Frank Trimble, Jr., James Park, Lexington, for appellee.

DUNCAN, Justice.

The question presented on this appeal concerns the right of a borrower to recover the principal and interest of void loans from the lender, a petty loan company, where payment is made by withholding from the proceeds of subsequent void loans.

The appellant, J. C. Hardman, entered into a partnership with C. B. Trenner to engage in the business of selling plastic paints and waterproofing material. Since their capital was limited, they entered into an arrangement with appellee, New Finance Company, Inc., a petty loan company, as defined by Chapter 288, Kentucky Revised Statutes, by which appellee agreed to lend to the partnership the face amount of orders for merchandise which it received. As security for the loans, the partnership agreed to assign its orders to appellee. On June 26, 1946, the partnership assigned two orders to the appellee and borrowed $425. On August 8, 1946, the partnership assigned six orders aggregating $1,602.70 and executed its note for that sum. However, from the proceeds of the loan, it received only $1,172.25, the remaining $430.45 being withheld as payment for the first loan, and assignment of the first order was "taken up" or terminated. The same procedure was followed in subsequent transactions between the parties—the partners borrowing and assigning orders, having previous loans and assignments taken up, and receiving an amount representing the difference between the new and old loan. The last loan transaction involving the partnership was on August 19, 1946, and the amount of the last loan, representing all previous transactions, was $6,256.92.

On September 3, 1946, Trenner, acting individually, began borrowing money from appellee. These loans were made under the same arrangement which had been followed with the partnership. The amount of the partnership loans was withheld from loans made to Trenner and the note executed by him on each occasion represented the aggregate of all previous loans, in-

432

cluding those to the partnership. When the transactions finally ended, the appellee held Trenner's note, secured by orders which were never filled, for $11,884.35, representing the total amount of all loans made either to the partnership or Trenner.

Appellee brought this suit to recover the amount it had loaned the partnership. Appellant counterclaimed for the amount of the loans which were "taken up" in the manner we have indicated. Since it clearly appeared that appellee had violated the provisions of Chapter 288, Kentucky Revised Statutes (Petty Loan Companies), its petition was dismissed. The judgment also dismissed appellant's counterclaim. Since appellee does not complain of the order dismissing its petition, we are concerned only with the propriety of the judgment insofar as it dismissed the counterclaim.

■ Appellant bases his right to recover on KRS 288.170, which provides:

"Loans made in violation of any of the provisions of this chapter are void and the lender shall have no right to collect or receive any principal, interest or other charges."

Under this statute, a borrower who has paid the principal or interest on a transaction violating the provisions of Chapter 288 may recover this sum from the lender. This case resolves itself into the single question of whether the appellant has "paid" any sums to appellee within the contemplation of KRS 288.170. Construction of the statute on this point is a matter of first impression before this Court.

We are aided in our construction by decisions of this Court dealing with the analogous question of what constitutes "payment" of usurious interest. In Citizens' National Bank of Danville v. Forman's Assignee, 111 Ky. 206, 63 S.W. 454, 757, 56 L.R.A. 673, the Court held that discounting a note did not constitute payment. In Paine v. Levy, 142 Ky. 619, 134 S.W. 1160, this Court held that the renewal of a note tainted with usury is not a payment of usury. Considering the reasoning of these cases and giving due regard

to the purposes for which Chapter 288 was enacted, we conclude that payment within the contemplation of the statute must be an actual payment and not a mere record or "paper" payment.

■ Another reason why the transactions in this case could not have constituted payment is that the subsequent loans which were directed toward terminating the previous loans were ineffectual for any purpose. By the provisions of KRS 288.170, all of these transactions were void. Their invalidity made them inoperative, and any attempt to use them to take up the previous loans was futile.

The judgment is affirmed.